

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| KAMARAH REYNOLDS-HALL,<br>        Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF SOUTH CAROLINA,<br>UNIVERSITY OF SOUTH CAROLINA<br>POLICE DEPARTMENT, HOLDER<br>PROPERTIES, BYRON GIPSON, DAN<br>GOLDBERG, SHANNON MCKELLAR,<br>USC PD JACOB GRAF, and CHRIS<br>GALLMAN,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:24-6887-MGL-PJG |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING
DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT, DENYING PLAINTIFF'S SUBSEQUENT MOTIONS,
AND REMANDING TO THE MAGISTRATE JUDGE**

---

## I.     INTRODUCTION

Plaintiff Kamarah Reynolds-Hall (Reynolds-Hall), proceeding pro se, filed this lawsuit against the above-named Defendants (collectively, Defendants).  He brings claims under 42 U.S.C. § 1983 for constitutional violations and in tort under state law.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court Defendants' motions to dismiss be granted.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

Following the Report, Reynolds-Hall filed a motion for entry of default judgment against Defendants University of South Carolina (the University) and Holder Properties. He then filed two further motions appearing to address complaints with the Court's docketing system.

## II.     FACTUAL AND PROCEDURAL HISTORY

Reynolds-Hall's claims arise out of an incident in which he alleges he was assaulted. Accepting as true Reynolds-Hall's allegations, the following took place on August 23, 2020, and in the subsequent months:

Reynolds-Hall was assaulted and injured by multiple student-athletes at a dorm near the University campus. University of South Carolina Police Department officers, other university personnel, and the Fifth Circuit Solicitor's Office then conspired to cover up the assault so the student-athletes would continue to be eligible to play basketball or football. According to Reynolds-Hall, the conspirators knowingly accepted false statements or omitted true ones in various reports. The police officers arrested Reynolds-Hall, and the Solicitor's Office charged him with first degree burglary, accusing of him of breaking into the dorm. Reynolds-Hall ultimately pled guilty to the lesser offense of trespassing.

In a prior order, the Magistrate Judge construed Reynolds-Hall's complaint as asserting claims under 42 U.S.C. § 1983 for malicious prosecution against Jacob Graf (Graf), Shannon McKellar (McKellar), and Chris Gallman (Gallman) (collectively, the Police Officers), as well as against Fifth Circuit Solicitor Byron Gipson (Gipson) and Deputy Solicitor Dan Goldberg (Goldberg) (collectively, the Solicitors).

The Magistrate Judge also interpreted the complaint as asserting a premises liability negligence claim against the University and Holder Properties. The Magistrate Judge declined to

recognize a potential claim for Reynolds-Hall's allegation the University violated the Freedom of Information Act (FOIA).

As noted in the Report, the Magistrate Judge declined to construe the complaint as stating any claim against the University of South Carolina Police Department (the Police Department); however, the Magistrate Judge concluded the Police Department "is not a 'person' amenable to suit under §1983." Report at 3 n.1. The Magistrate Judge also denied Reynolds-Hall's numerous motions to amend his complaint a second time.

Reynolds-Hall filed objections to the Report and a supplement to his objections. Defendants Gallman, McKellar, the University, the Police Department, and the Solicitors filed replies to Reynolds-Hall's objections.

Following the Report, Reynolds-Hall also filed a motion for default judgment as to the University and Holder Properties arguing they are in default because they have yet to file answers to his complaint. Both the University and Holder Properties filed responses pointing to their timely motions to dismiss under Rule 12(b)(6).

Reynolds-Hall further filed what he entitled "Plaintiff Motion for De Novo Review of the Order and Recommendation Mandated Change of Forms the Regular Complaint Form to Inmate Complaint Form" (hereinafter the "Motion for De Novo Review"), and a "Motion to Review, Address and Include in the Decision about the Mandated Change of the Regular Complaint Form to the Prisoner Complaint Form in the Order and Recommendation."

### III.    STANDARD OF REVIEW

#### A.    *For the Report*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

#### B.    *For a Fed. R. Civ. P. 12(b)(6) motion*

A party may move to dismiss a complaint based on its "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[.]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss under Rule 12(b)(6), the complaint must have "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). But, the Court need

not "accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244.

## IV.    DISCUSSION AND ANALYSIS

### A.  Whether the Court should grant Defendants' Motions to Dismiss.

Defendants Holder Properties; Gipson; Goldberg; Graf; Gallman; and the University, the Police Department, and McKellar all filed motions to dismiss the case under Rule 12(b)(6). Following full briefing, the Magistrate Judge issued its Report recommending this Court grant the motions.

The Court will address each of the parties in turn.

#### 1.  Defendant Holder Properties

Reynolds-Hall claims Holder Properties negligently maintained and managed its property causing his injuries. He asserts "Holder Properties has certain obligations to visitors to protect them from injury." Amended Complaint at 5. He claims injuries resulting from his alleged assault on property owned by Holder Properties on August 23, 2020. Holder Properties filed a motion to dismiss, arguing the claim is barred by the statute of limitations. The Magistrate Judge recommends the Court dismiss the claim against Holder Properties for that reason.

Reynolds-Hall filed this complaint on November 25, 2024, more than four years after the alleged assault on August 23, 2020. The statute of limitations for a negligence claim in South Carolina is three years. *Cline v. J.E. Faulkner Homes, Inc.*, 597 S.E.2d 27, 29 (S.C. Ct. App. 2004); S.C. Code Ann. § 15-3-530. Because this suit was filed more than three years after the alleged negligence, the claim against Holder Properties is barred by the statute of limitations.

Reynolds-Hall argues the limitations period should be tolled under the discovery rule, but the argument is unavailing. Under that rule, South Carolina accepts "[t]the limitations period begins to run when a party knows or should know, through the exercise of due diligence, that a cause of action might exist." *Poly-Med, Inc. v. Novus Sci. Pte. Ltd.*, 878 S.E.2d 896, 900 (S.C. 2022) (quoting *Anonymous Taxpayer v. S.C. Dep't of Revenue*, 661 S.E.2d 73, 80 (S.C. 2008)). Here, however, Reynolds-Hall knew or should have known his claim might exist at the time of his alleged assault on property owned by Holder Properties. It is implausible a reasonable person would take more than a year to discover this claim might exist, which is what would be necessary for his filing to fall within the limitations period. The claim is therefore barred, and Defendant Holder Properties' motions to dismiss will be granted.

### 2. Defendant University of South Carolina

Reynolds-Hall makes essentially the same negligence claim against the University as he does against Holder Properties, alleging it negligently maintained or secured its campus and this negligence caused his injuries. The University filed a motion to dismiss arguing it is immune under the Eleventh Amendment and the claim is barred by the statute of limitations. The Magistrate Judge recommends the claim be dismissed as time-barred and because the University is immune from suit in federal court under the South Carolina Tort Claims Act, which in part codified with exceptions the immunity conferred by the Eleventh Amendment. Report at 5-6, 8.

For the same reasons the statute of limitations bars Reynolds-Hall's claim against Holder Properties, his negligence claim against the University is also barred. The Report will be adopted in this respect. It is therefore unnecessary for the Court to consider the University's claim of immunity.

Reynolds-Hall also alleges the University violated the Freedom of Information Act (FOIA). This allegation went unaddressed by the University in its motion to dismiss and will be considered below.

### 3. Defendant Solicitors

As construed by the Magistrate Judge, Reynolds-Hall brings a claim of malicious prosecution under 42 U.S.C. § 1983 against the Solicitors. The Solicitors filed separate motions to dismiss. The Solicitors assert—among other defenses—they are entitled to prosecutorial immunity as the alleged claim stems from acts taken in their official capacity while preparing for and prosecuting a criminal case. The Magistrate Judge recommends the Court dismiss the claims against the Solicitors because they have prosecutorial immunity.

The Supreme Court has held under § 1983 "a state prosecutor ha[s] absolute immunity for the initiation and pursuit of a criminal prosecution." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)). The immunity covers conduct "intimately associated with the judicial phase of the criminal process." *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (quoting *Imbler*, 424 U.S. at 430).

Reynolds-Hall alleges the Solicitors are liable under § 1983 for malicious prosecution for initiating the criminal proceedings against him. He asserts they instituted "false" and "malicious" charges. Amended Complaint at 12-13. For example, he claims the Solicitors used an allegedly false statement "to form a charge." Amended Complaint at 7.

As recognized in *Buckley*, prosecutors have absolute immunity in a § 1983 case for initiating criminal charges. Because Reynolds-Hall alleges the Solicitors are liable under § 1983 for maliciously bringing the challenged charges, his claim must fail as the Solicitors are entitled to absolute immunity for the challenged conduct.

Given this determination, it is unnecessary for the Court to discuss the Solicitors' remaining arguments. *See Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 348 (2022) (Roberts, C. J., concurring in judgment) ("If it is not necessary to decide more to dispose of a case, then it is necessary not to decide more."); *Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

### 4. Defendant Police Officers

#### a. Whether the malicious prosecution claims should be dismissed.

First, as to Reynolds-Hall's claims of malicious prosecution, Reynolds-Hall objects to the Magistrate Judge's recommendation his claim be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), where the Supreme Court held a § 1983 claim fails if it would necessarily imply the plaintiff's conviction was invalid, unless it is shown the conviction was subsequently reversed, invalidated, or otherwise called into question. 512 U.S. at 487-88.

The Magistrate Judge wrote in the Report:

> In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. However, Plaintiff has provided no factual allegations to show that he successfully challenged his conviction. In fact, Plaintiff admits that he pled guilty to the lesser offense of trespassing and does not allege that he has further challenged his conviction in state court.

Report at 9-10 (internal citations omitted).

Reynolds-Hall objects to the Report and argues he has never been a "prisoner" but rather an "inmate" because he was never housed by the South Carolina Department of Corrections. Plaintiff's Objections at 52-55; Motion for De Novo Review at 3. This argument is unavailing.

The rule established by *Heck* applies whenever a conviction results from the challenged arrest or prosecution. It has nothing to do with where a criminal defendant is housed or the label assigned to him following conviction.

Reynolds-Hall also urges *Heck* is inapplicable because he pled *nolo contendre*. In *Heck* the Supreme Court recognized the general rule "termination of the prior criminal proceeding in favor of the accused" is an element of a common-law malicious prosecution claim. 512 U.S. at 484 (citations omitted). It then concluded the principle underlying that rule "applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . . ." *Id.* at 486. Therefore, the Court held a plaintiff alleging malicious prosecution under § 1983 must prove the conviction resulting from the challenged conduct was subsequently invalidated. *Id.* at 486-87.

Here, Reynolds-Hall admits in his complaint he pled guilty: "Malicious Prosecution-First Degree Burglary was pled down to trespassing[.]" Amended Complaint at 12. As noted in the Report, however, he has never suggested the trespassing conviction has been invalidated or even challenged. Report at 9-10. Therefore, to the extent he seeks damages under § 1983 because of his prosecution and the ultimate trespassing conviction, the claim fails under *Heck*.

Similarly, his argument about the nature of his plea is unpersuasive. A guilty plea—even one entered "no contest"—is a guilty plea, and its acceptance by the court results in a valid conviction with the attendant consequences. *Deal v. State*, 527 S.E.2d 112, 112 (S.C. 2000) (citations omitted) ("A plea of nolo contendere is for all practical purposes treated as a guilty plea."); *see also United States v. King*, 673 F.3d 274, 282 (4th Cir. 2012) (holding plea entered pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), can still be considered in a defendant's criminal history for sentencing purposes).

Even where a defendant enters a guilty plea *nolo contendre*, the *Heck* bar applies because there was no favorable termination of the underlying charge. *E.g.*, *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006) ("[W]e hold that a conviction based on an *Alford* plea can be used to impose *Heck*'s favorable termination rule."); *Havens v. Johnson*, 783 F.3d 776, 784 (10th Cir. 2015) ("[T]he *Heck* doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained (such as admissions by the defendant), so it is irrelevant that Havens entered an *Alford* plea.").

### b.   Whether the false arrest claims should be dismissed.

Second, as to Reynolds-Hall's claims of false arrest, the Magistrate Judge recommends the Court dismiss these claims for failure to comply with the three-year statute of limitations.

"State law determines the applicable term of limitations for a § 1983 claim." *Smith v. Travelpiece*, 31 F.4th 878, 883 (4th Cir. 2022) (citing *Owens v. Okure*, 488 U.S. 235, 239, 249-50 (1989)).  In general, the state's "residual statute for personal injury actions" defines the limitations period.  *Owens*, 488 U.S. at 250.  In South Carolina that period is three years.  S.C. Code Ann. § 15-3-530(5).  "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

Reynolds-Hall alleges he was arrested on both August 23 and October 10, 2020.  Amended Complaint at 10-13.  As noted, Reynolds-Hall filed his original complaint on November 25, 2024. Because Reynolds-Hall filed this suit more than three years after his arrest, this claim appears to be barred by the statute of limitations.

Nonetheless, Reynolds-Hall again asserts the discovery rule preserves his claim. In his objections to the Report—and without basis in the complaint—he asserts the discovery rule means his limitations period started in November 2021. Plaintiff's Objections at 29-30. He fails to offer any explanation or justification for this position.

At most, he arguably suggests an accrual date of March 25, 2021, which he alleges is when he learned "who was in possession of the raw-video evidence" he appears to believe exonerates him. Plaintiff's Objections at 7. The Court is unpersuaded because the law is clear: the cause of action accrued upon his arrest and detention. Reynolds-Hall knew who arrested him, and he therefore knew against whom he could bring a claim for false arrest under § 1983. His claim accrued in 2020, and the statute of limitations ran before he filed suit. The § 1983 for false arrest claim must therefore be dismissed.

### c.  Whether the claims against McKellar should be dismissed.

Finally, McKellar's motion to dismiss requires further analysis because Reynolds-Hall's claims as to McKellar are unclear. McKellar argues the complaint fails to allege "sufficient personal involvement" on his behalf because it "is completely devoid of any allegations of personal wrongdoing by Defendant McKellar." Motion to Dismiss at 7, 9. The Magistrate Judge correctly noted:

> Plaintiff does not allege that McKellar was involved in the criminal investigation leading to his arrest. Rather, according to Plaintiff, McKellar was assigned to investigate the assault but intentionally omitted information from his report that would have implicated some of the athletes involved in the attack. Essentially, Plaintiff asserts that McKellar was complicit in covering up the crimes of other students.

Report at 10 (record citation omitted). The Magistrate Judge wrote it "cannot discern a constitutional wrong by McKellar directed at Plaintiff." Report at 10.

11

The entire portion of the complaint specifically addressing McKellar's conduct is written as follows:

> 7. Crime Log. Incident Report filed 4 days after being reported to USC PD Graf.
> 8. Incident Report.  USC PD Lt. McKellar Intentionally left off names of the attackers.
> 9. Incident Report.  USC PD Lt. McKellar Intentionally left off names of the accomplices that lured the victim to 650 Lincoln.

Amended Complaint at 8.  The complaint is otherwise silent as to McKellar.  To the extent Reynolds-Hall intends to state a claim as to McKellar other than for false arrest or malicious prosecution—which fail for the reasons given above—the Court is unable to discern any plausible claim for liability under § 1983.  Thus, the Court will dismiss Reynolds-Hall's claims against McKellar.

### B.  The Complaint May Assert Claims Unaddressed by the Motions to Dismiss

The Magistrate Judge and the defendants have addressed only those claims the Magistrate Judge recognized in her prior order construing the complaint.  As noted, that order determined the complaint asserted claims for negligence and malicious prosecution under § 1983.  In the Report, however, the Magistrate Judge noted the thrust of Reynolds-Hall's allegations is a conspiracy:

> Plaintiff alleges that the University, University police officers, and members of the Fifth Circuit Solicitor's Office conspired to cover up the assault [against him] so that the athletes responsible would remain eligible to play. He alleges that the defendants ignored evidence, omitted information from reports, concealed evidence from Plaintiff, and falsely charged Plaintiff with first degree burglary.

Report at 2.  In the complaint, and following an allegation the University violated FOIA, Reynolds-Hall asserts "the University of South Carolina withheld the video evidence and conspired in a plan to retaliate" against him.  Amended Complaint at 10.  He asserts the University and Defendant Graf together made false claims to have him arrested.  Amended Complaint at 11.

South Carolina recognizes civil conspiracy as an intentional tort. *Paradis v. Charleston Cnty. Sch. Dist.*, 861 S.E.2d 774, 780 n.9 (S.C. 2021); *Id.* at 780 ("[A] plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff.").

Despite being inartfully stated, Reynolds-Halls claims the University, the Fifth Circuit Solicitor's Office, and the Police Officers conspired to cover-up student-athlete's assault of Reynolds-Hall. He alleges the University unlawfully withheld video evidence relevant to the assault violating FOIA; the Police Officers falsely identified Reynolds-Hall as the perpetrator and other people as his victims in the charges the Solicitors brought; and the Solicitors knowingly brought false charges against him all in an effort to undermine his reputation and to protect the student-athletes who assaulted him. Taking his specific factual allegations as true, and reading the complaint generously as the Court must, Reynolds-Hall has attempted to assert a claim of civil conspiracy. *See King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("[P]ro se pleadings are 'to be liberally construed.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))).

Although it appears to the Court each of the defendants may have a legitimate defense— e.g. immunity or the statute of limitations—those arguments were not briefed and any motions based on those defenses are not yet before the Court. Similarly, although Reynolds-Hall evidently intended to allege a conspiracy as a matter of fact, he has not necessarily satisfied the legal elements of that cause of action. The Court leaves it to the parties to argue and the Magistrate Judge to consider in the first instance whether Reynolds-Hall has in fact stated a claim of civil conspiracy.

Reynolds-Hall also may have stated a claim for defamation. He alleges in the Complaint Defendant Gipson "wrote and submitted a false statement of Jammie Robinson by saying I was warned not to come to 650 Lincoln Athletic Dorms . . . ." Amended Complaint at 13. Reynolds-Hall alleges Gipson also wrote, approved, or submitted other false statements and omitted true facts or statements on various occasions, and he seeks "reputation damages." Amended Complaint at 14. He also alleged: "False Official Statement. Sept 8, 2020, by USCPD Graf statement that Former-USC Defensive Coach Travoris Robinson said Jammie Robinson called him the night of the assault to say he punched the guy." Amended Complaint at 6. Finally, in the complaint he alleges "Fabrication s [sic] of Fight between 2 groups . . . to make the public believe it [sic] was not assault by mob by the defendants . . . ." Amended Complaint at 8.

Reviewing the complaint liberally, Reynolds-Hall may have intended to state a claim for defamation. Considered together, he may have done so with these allegations and others in the complaint. *See McBride v. Sch. Dist. of Greenville Cnty.*, 698 S.E.2d 845, 852 (S.C. Ct. App. 2010) ("To prove defamation, the plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." (citing *Fleming v. Rose*, 567 S.E.2d 857, 860 (S.C. 2002))). As with the potential civil conspiracy claim, the Court declines to determine if he successfully stated a claim of defamation.

At this stage, without a motion before the court or argument from the parties addressing these claims, the Court declines to further address these allegations. The Court will therefore remand the case to the Magistrate Judge for further review and without any suggestion on the merits of the claims.

## V.     CONCLUSION

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Reynolds-Hall's objections, adopts the Report, and incorporates it herein.   Therefore, it is the judgment of the Court Defendants' motions to dismiss are **GRANTED** except to the extent Reynolds-Hall may have stated a claim of civil conspiracy and/or defamation.  The case is **REMANDED** to the Magistrate Judge for further proceedings.

Reynolds-Hall's motion for entry of default judgment is **DENIED** as it is patently meritless because both the University and Holder Properties filed timely motions to dismiss.  To the extent he complains in his subsequent motions the Clerk of Court mislabeled his filings on the docket, those matters are inconsequential to the Court's analysis and need not be discussed further.  Those motions are **DENIED**.

**IT IS SO ORDERED.**

Signed this 31st day of March, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Reynolds-Hall is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

15